**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**ALBERT WEATHERS,**

                             **Plaintiff,**

  vs.                                                  **9:12-cv-00982
(MAD/CFH)**

**D. UHLER, Dep. of Security, individually
and officially,**

                             **Defendant.**
_____

**APPEARANCES:**                        **OF COUNSEL:**

**ALBERT WEATHERS
10-B-0094**
Coxsackie Correctional Facility
Box 999
Coxsackie, New York 12051
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**       **JAMES SEAMAN, AAG**
**STATE ATTORNEY GENERAL**
Albany Office
The Capitol
Albany, New York 12224
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

Plaintiff, an inmate currently in the custody of the New York State Department of Corrections and Community Supervision, brings this action pursuant to 42 U.S.C. § 1983 alleging that Defendant Uhler, a DOCCS employee, violated his constitutional rights under the First, Eighth, and Fourteenth Amendments. *See* Dkt. No. 9. Specifically, Plaintiff alleges that Defendant violated his First Amendment right against retaliation, his Eighth Amendment rights against deliberate indifference, and his Fourteenth Amendment right to due process. On August

16, 2013, Defendant filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Dkt. No. 21.

In a November 12, 2013 Report-Recommendation and Order, Magistrate Judge Hummel recommended that the Court grant-in-part and deny-in-part Defendant's motion. *See* Dkt. No. 31. Specifically, Magistrate Judge Hummel found that Plaintiff's First Amendment retaliation claim should be dismissed because "[t]here is an absence of legal authority to support the claim that spraying urine onto a correctional officer is a constitutionally protected activity; in fact, it is a crime under New York law." *Id.* at 10 (citation omitted). Since Plaintiff has failed to allege that the alleged retaliatory conduct was in response to a protected activity, Magistrate Judge Hummel recommended that the Court dismiss this claim. *See id.* As to Plaintiff's Eighth Amendment deliberate indifference claim, Magistrate Judge Hummel recommended that the Court deny Defendant's motion. *See id.* at 12-13. Magistrate Judge Hummel found that Plaintiff alleged that his shoulder injuries are well-documents and that he complained to multiple corrections officers that he could not have his hands handcuffed behind his back, thereby plausibly alleging a serious medical condition. *See id.* Further, Plaintiff alleged that Defendant exhibited deliberate indifference to his serious medical needs when he ordered Plaintiff to be handcuffed behind his back on January 25, 2012 and January 30, 2012. *See id.* at 13. Finally, Magistrate Judge Hummel recommended that the Court find that Plaintiff failed to allege a liberty interest for purposes of stating a due process claim and, therefore, the Court should dismiss Plaintiff's Fourteenth Amendment claim.

On November 29, 2013, Defendant timely objected to Magistrate Judge Hummel's Report-Recommendation and Order. *See* Dkt. No. 32. In his objections, Defendant argues that Magistrate Judge Hummel erred in not dismissing Plaintiff's Eighth Amendment claim. *See id.* at

2

1. Specifically, Defendant states that Magistrate Judge Hummel erred "for the reasons set forth in our initial motion and reply papers. Chiefly, [P]laintiff admits Defendant Uhler is not a trained medical practitioner and [P]laintiff has failed to allege any facts even suggesting that his medical record contains an authorization by a medical practitioner excusing him from being handcuffed behind his back during escort." *Id.*

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and

recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

Having carefully reviewed the Report-Recommendation and Order, the parties' submissions and the applicable law, the Court finds that Magistrate Judge Hummel correctly determined that the Court should deny Defendant's motion as to Plaintiff's Eighth Amendment deliberate indifference claim and grant the motion in all other respects. Contrary to Defendant's assertions, the law is clear that a defendant does not need to be trained as a medical professional to be liable for deliberate indifference. Further, it is "well-established that handcuffing an inmate is a regular incident of prison life which does not *per se* violate the Eighth Amendment." *Vallade v. Fischer*, No. 12-CV-231, 2012 WL 4103864, *3 (W.D.N.Y. Sept. 13, 2012) (citations omitted). However, Plaintiff has plausibly alleged that Defendant was aware of his serious medical condition, *i.e.*, injured shoulder requiring surgery, and the limitations imposed by it, and that Defendant still handcuffed Plaintiff with his hands behind his back, aggravating Plaintiff's condition. *See Davidson v. Flynn*, 32 F.3d 27, 30-31 (2d Cir. 1994); *see also Warren v. Purcell*, No. 03 Civ. 8736, 2004 WL 1970642, *8 (S.D.N.Y. Sept. 3, 2004). As such, the Court finds that Defendant's objection as to this claim is without merit.

Further, the Court notes that although Defendant only addressed Plaintiff's claim as an Eighth Amendment deliberate indifference claim, in its initial review of Plaintiff's complaint, the Court found that Plaintiff had pled that "Defendant Uhler was deliberately indifferent to Plaintiff's serious medical needs and/or subjected Plaintiff to cruel and unusual punishment." *See* Dkt. No. 19 at 19. Defendant did not address this more general claim in its motion and, therefore, it was not address in the Report-Recommendation and Order. The Court, however, finds that Plaintiff

4

has plausibly alleged an Eighth Amendment cruel and unusual punishment claim against Defendant Uhler regarding the January 25 and January 30, 2012 handcuffing incidents. *See Bowens v. Smith*, No. 9:11-CV-784, 2013 WL 103575, *10 (N.D.N.Y. Jan. 8, 2013) ("Placing restraints on an inmate does not violate the Eighth Amendment unless the placement is totally without penological justification, grossly disproportionate, or involves the unnecessary or wanton infliction of pain") (citation omitted).

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Hummel's November 12, 2013 Report-Recommendation and Order is **ADOPTED** in its entirety for the reasons set forth therein; and the Court further

**ORDERS** that Defendant's motion to dismiss (Dkt. No. 21) is **GRANTED in part** and **DENIED in part**; and the Court further

**ORDERS** that Plaintiff's First Amendment retaliation and Fourteenth Amendment due process claims are **DISMISSED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 18, 2014
       Albany, New York

Mae A. D'Agostino
U.S. District Judge