UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ALBERT WEATHERS,
                             Plaintiff,

      v.                                                                    9:12-CV-982
                                                                                    (MAD/CFH)
D. UHLER, et al.,

                             Defendants.
_____

**APPEARANCES**:
Albert Weathers
Plaintiff <u>Pro</u> <u>Se</u>
122 Gibson Street, Upper
Buffalo, New York 13212

Hon. Eric T. Schneiderman                          JAMES SEAMAN, ESQ.
Attorney General for the
    State of New York
The Capitol
Albany, New York 12224-0341
Attorney for Defendant

**CHRISTIAN F. HUMMEL**
**U.S. Magistrate Judge**

## REPORT-RECOMMENDATION AND ORDER[1]

      Plaintiff pro se Albert Weathers ("Weathers"), formerly an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") brings this action against Defendant D. Uhler ("Uhler"), Deputy Superintendent of Security at Upstate Correctional Facility ("Upstate") alleging violations of the Eighth Amendment. U.S. CONST. AMEND. VIII; Dkt. No. 9 ("Am Compl.").

---

[1] This matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 (b) and N.D.N.Y. L.R. 72.3 (c).

Presently pending is defendant Uhler's second motion to dismiss for failure to prosecute pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 37 and 41(b). Dkt. No. 60. Weathers was given until October 23, 2015 to respond to the motion to dismiss. Id. Weathers did not file opposition papers. For the following reasons, it is recommended that defendant Uhler's motion to dismiss for failure to prosecute be granted.

I. **Procedural History**

On June 18, 2012, Weathers filed a pro se complaint against DOCCS employees David Rock and Uhler. Dkt. No. 1 ("Compl."). At that time, Weathers sought, and the Court granted, his application for In Forma Pauperis status. Dkt. Nos. 2, 6. The Court also dismissed without prejudice call claims against defendant Rock. Dkt. No. 6 at 12.

On November 5, 2012, Weathers filed an amended complaint, adding three additional DOCCS employees as defendants. Dkt. No. 9. On July 15, 2013, the Court dismissed without prejudice defendants LaBarge, Rock, Pratt, and Fischer. Dkt. No. 19. The Court also dismissed without prejudice Weathers' claim that defendant Uhler denied him due process at his Tier III disciplinary hearing in violation of the Fourteenth Amendment. Id. at 19. The Court ordered Uhler to respond within thirty days to the following claims against Uhler: First Amendment retaliation, Eighth Amendment deliberate indifference, and Fourteenth Amendment due process. Id. at 19-20.

On August 16, 2013, Uhler filed a Motion to Dismiss for Failure to State a Claim.

2

Dkt. No. 21. Dkt. No. 21. On October 17, 2013, Weathers filed a response in opposition to the motion to dismiss. Dkt. No. 28. On October 23, 2013, Uhler filed a reply. Dkt. No. 30. The Court dismissed all claims against Uhler except the Eighth Amendment deliberate indifference claim. Dkt. No. 35 at 5.

On April 2, 2014, the Court issued a mandatory pretrial discovery and scheduling Order. Dkt. No. 37. The Order provided that, "[t[he failure of the plaintiff(s) to attend, be sworn, and answer appropriate questions may result in sanctions, including dismissal of the action pursuant to Fed. R. Civ. P. 37." Dkt. No. 37 at 5. On May 7, 2014, Weathers filed a motion to appoint counsel, which was denied. Dkt. Nos. 38, 39. On May 12, 2014, the Court mailed the Order to Weathers at the last address he provided to the Court. Dkt. No. 39. The letter was returned to the Court from the Coxsackie Correctional Facility with the word "released" written on the envelope. Dkt. No. 41. The Order was then sent to Grace House, 2025 Bailey Avenue, Buffalo, New York 14211, the address Weathers provided to the Court on May 14, 2014. Dkt. Nos. 40, 41. On August 13, 2014, Weathers filed another change of address. Dkt. No. 44. The Court sent another copy of the Order and docket materials to Weathers at that address. Dkt. No. 44.

On August 26, 2014, Uhler sent Weathers a Notice of Deposition informing him of his deposition scheduled for September 11, 2014. Dkt. No. 46-1 at 1.[2] The Notice

---

[2] The Notice provides.
> [i]f you are unavailable at that time, it is imperative that you let me know as soon as possible and also provide me with dates on which you are available. If you do not appear for your deposition or do not provide timely notice of your unavailability . . . we will seek sanctions against

3

was intended to be served upon Weathers at his most recent address; however, the address written on the cover sheet admitted the word "Upper" from the address, suggesting that the envelope similarly omitted the word, rendering unclear whether Weathers ever received the notice. Dkt. No. 46-5. On September 8, 2014, the Attorney General's Office sent Weathers notice at the full address provided, including the word "Upper." Dkt. No. 46-6. The mailing was not returned to the Assistant Attorney General ("AAG"), nor did Weathers communicate with either the Court or the AAG regarding the matter. Dkt. No. 46-1.

On September 11, 2014, the AAG appeared for Weathers' deposition. Dkt. No. 46-7. Weathers failed to appear. Id. On October 3, 2014, Uhler filed a motion to dismiss for lack of prosecution and a request for a stay of discovery and the dispositive motion due dates pending a determination of that motion. Dkt. No. 46. Weathers was directed to file a response to that motion by October 17, 2014. Weathers did not file opposition to the motion. On December 2, 2014, the undersigned granted Uhler's request to stay the discovery and dispositive motion deadlines until resolution of the motion to dismiss. Dkt. No. 48.

On March 2, 2015, the undersigned issued a Report-Recommendation and Order in this case recommending that Uhler's Motion to Dismiss be granted and Weathers' complaint be dismissed in its entirety pursuant to Fed. R. Civ. P. 41 and N.D.N.Y. Local Rule 41.2(a). Dkt. No. 49. The undersigned further directed that the

---

        you from the Court up to and including dismissal of your
        case . . . .

Dkt. No. 46-5 at 1.

4

Report-Recommendation and Order on the parties in accordance with Local Rules and advised the parties of their right to lodge objections to the Report.  Id. at 6.  On March 16, 2015, Weathers filed written objections to the Report.  Dkt. No. 50.  In the objections, Weathers acknowledged that he was aware of the deposition but failed to attend due to financial and mental health issues.  Dkt. No. 50 at 1.  On June 5, 2015, the District Judge issued a Memorandum-Decision and Order which rejected the March 3, 2015 Report-Recommendation and Order and denied without prejudice Uhler's Motion to Dismiss for Failure to Prosecute and/or Comply with Discovery.  Dkt. No. 53.

On June 5, 2015, this Court issued a text order directing that discovery be completed by July 31, 2015 and that dispositive motions be filed by September 15, 2015.  Dkt. No. 54.  On July 10, 2015, Uhler served a notice of deposition by mail on Weathers scheduling his deposition for July 27, 2015.  Dkt. No. 60-10 at 2.  Both the notice of deposition and cover letter advised Weathers that his failure to appear for his deposition would cause Uhler to seek the imposition of sanctions including the dismissal of this matter.  Dkt. No. 60-10 at 1-3.  On July 17, 2015, Uhler sent Weathers a letter confirming the deposition and again warning that he would seek sanctions if Weathers failed to appear.  Dkt. No. 60-11.  On July 21, 2015, Weathers left a voice mail for Uhler's counsel, advising that he was not available to appear for the deposition on July 27, 2015.  Dkt. No. 60-1 at 6.  Although Weathers indicated that Uhler's counsel should contact him regarding the deposition, he did not leave a contact number at which he could be reached.  Id. at 6.  On July 22, 2015, Uhler sent Weathers a letter asking him to contact him by phone to discuss the scheduling of the deposition.  Dkt.

5

No. 60-12. Weathers never contacted Uhler in response to this letter. Dkt. No. 60-13 at 1.

On July 28, 2015, Uhler filed a letter with this Court requesting an extension of the discovery deadline until August 31, 2015. Dkt. No. 56. On July 29, 2015, this Court issued a Text Order granting Uhler's request to extend the discovery deadline and scheduling a telephone discovery conference for August 10, 2015. Dkt. No. 57. A copy of the Text Order was sent to Weathers by regular mail. Dkt. No. 57. Although Uhler appeared by counsel for the telephone conference, Weathers did not appear.

On August 10, 2015, a text minute entry was placed on the docket noting Weathers' failure to appear for the conference and warning Weathers that the failure to participate in Court conferences or to attend his deposition may result in the dismissal of the complaint. Text Minute Entry dated Aug. 10, 2015. A copy of the Text Minute Entry was sent to Weathers by regular mail. Id.

On August 10, 2015, Uhler mailed a Notice of Deposition dated August 10, 2015, along with a cover letter, to Weathers scheduling his deposition for August 27, 2015. Dkt. No. 60-14. The deposition notice and cover letter indicated that Uhler would seek sanctions, including dismissal of the action, if Weathers failed to appear for his deposition. Id. No part of that mailing was returned to defense counsel. Dkt. No. 60-1 at 7. Weathers did not appear for the August 27 deposition. Id.

On October 7, 2015, Uhler filed a second Motion to Dismiss for Failure to Prosecute pursuant to Fed. R. Civ. P. 37 and 41(b). Dkt. No. 60. Weathers' response to the motion was due by October 23, 2015. Id. Weathers has failed to respond to the

pending motion.

## II. Discussion[3]

### A. Legal Standard

Fed. R. Civ. P. 41(b) provides that a court may dismiss an action "[i]f the plaintiff fails to prosecute or comply with [the Federal Rules of Civil Procedure] or a court order . . ." See Link v. Wabash R.R. Co., 370 U.S. 626, 629 (1962); MTV Networks v. Lane, 998 F. Supp. 390, 393 (S.D.N.Y. 1998); see also N.D.N.Y. L.R. 41.2(b). Since a Rule 41(b) dismissal is a "harsh remedy . . . [it] is appropriate only in extreme situations." Lucas v. Miles, 84 F. 3d 532, 535 (2d Cir. 1996) (citations omitted). Furthermore, where the plaintiff is pro se, "courts should be especially resistant to dismiss for procedural deficiencies . . . " Spencer v. Doe, 139 F.3d 107, 112 (2d Cir. 1998) (quoting Lucas, 84 F.3d at 535); see also Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006). To determine whether dismissal for failure to prosecute is appropriate, courts should consider:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

---

[3] All unpublished decisions cited to by the Court in this Report-Recommendation and Order are, unless otherwise indicated, attached.

7

Lucas, 84 F.3d at 535 (citing Jackson v. City of N.Y., 22 F.3d 71, 74 (2d Cir. 1994).

A review of the procedural history in this case shows that Weathers' inactivity began after he filed a notice of change of address on August 13, 2014. Dkt. No. 44. On August 26, 2014, Uhler sent Weathers a notice of deposition informing him that his deposition would be conducted on September 11, 2014. Dkt. No. 46-5. On September 8, 2014, Uhler sent a second notice of deposition to Weathers. Dkt. No. 46-6. Each of the deposition notices advised Weathers that if he failed to appear, Uhler would seek the imposition of sanctions, including dismissal of the complaint. Dkt. Nos. 46-5 at 1, 46-6. It is noteworthy that neither mailing was returned to defense counsel. Dkt. No. 46-1.

On October 2, 2014, Uhler filed a motion to dismiss for lack of prosecution. Dkt. No. 46. A copy of that motion was served upon Weathers who failed to file any response. On March 2, 2015, Weathers filed objections to the Report-Recommendation and Order. Dkt. No. 50. In the objections, Weathers acknowledged his failure to attend and claimed his failure was due to previously undisclosed mental health issues and financial concerns. Id. at 1. The District Judge issued a Memorandum-Decision and Order rejecting the Report-Recommendation and Order, and denied without prejudice Uhler's Motion to dismiss. Dkt. No. 53.

Since that Decision, Weathers has been served with two notices to take his deposition which clearly state that failure to attend the deposition may result in the imposition of sanctions, including dismissal of this action. Dkt. No. 60-10. This Court also served a Text Minute Entry on Weathers informing him that "failure to attend court

8

conferences or to attend his deposition may result in dismissal of his complaint." Text Minute Entry dated Aug. 10, 2015. In addition, Uhler filed this motion which again seeks to dismiss the action based on Weathers' continuing failure to appear for a deposition. Dkt. No. 60. In view of the foregoing, Weathers was on notice that failure to comply may result in dismissal of his action.

Further, Uhler has been prejudiced by Weathers' failure to prosecute. Weathers has failed to comply with court orders and deposition notices on multiple occasions. This case has been pending for over three years, and it is likely that memories have faded, relevant documents have been discarded, and potential witness have become unavailable over that time. See, e.g., Georgiadis v. First Boston Corp., 167 F.R.D. 24, 25 (S.D.N.Y. 1996). Second, Uhler acted in good faith in responding to Weathers' claims while the Court afforded Weathers several opportunities to participate in discovery and respond to Uhler's motions. Dkt. No. 46-14 at 4, Dkt. No. 60. Lastly, the need to eliminate calendar congestion and the unavailability of effective lesser sanctions both weigh in favor of granting the present motion. Shannon, 186 F.3d 186, 196 (2d Cir. 1999).[4]

### III. **Conclusion**

For the reasons stated above, it is hereby

---

[4] Uhler requests in the alternative that dismissal and sanctions be considered under Rule 37 for Weathers' repeated failures to appear for his deposition and to respond. Dkt. No. 60 at 1. Since "courts consider the same factors applicable to Rule 41(b) when considering dismissal pursuant to Rule 37[,]" no additional analysis is needed. Barney v. Consol. Edison Co. of N.Y., No. 99-CV-823, 2006 WL 4401019, at *16 (E.D.N.Y. July 19, 2006) (citation omitted).

**RECOMMENDED** that defendant Uhler's second Motion to Dismiss for Lack of Prosecution be **GRANTED** and plaintiff's complaint be **DISMISSED** in its entirety; and it is **ORDERED** that the Clerk of the Court serve copies of this Report-Recommendation and Order on the parties in accordance with Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1( c), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Secretary of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(e), 72.

**IT IS SO ORDERED**.

Dated: November 24, 2015
Albany, New York

Christian F. Hummel
U.S. Magistrate Judge