**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**ALBERT WEATHERS,**

        **Plaintiff,**

 vs.              **9:12-cv-00982
                  (MAD/CFH)**

**D. UHLER, Dep. of Security, individually
and officially,**

        **Defendant.**
_____

**APPEARANCES:**        **OF COUNSEL:**

**ALBERT WEATHERS**
122 Gibson Street, Upper
Buffalo, New York 14212
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**    **JAMES SEAMAN, AAG**
**STATE ATTORNEY GENERAL**
Albany Office
The Capitol
Albany, New York 12224
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

### ORDER

On June 18, 2012, Plaintiff, while serving a sentence of incarceration in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), brought this action pursuant to 42 U.S.C. § 1983 alleging that Defendant Uhler, a DOCCS employee, violated his constitutional rights under the First, Eighth, and Fourteenth Amendments. *See* Dkt. No. 9. After Plaintiff was released from DOCCS custody, Plaintiff repeatedly failed to comply with orders of this Court and his discovery obligations relevant to this case. After Plaintiff failed to his scheduled deposition on September 11, 2014, Defendant filed a motion to dismiss for lack

of prosecution, to which Plaintiff did not respond. *See* Dkt. No. 46. On March 2, 2015, Magistrate Judge Hummel recommended that the Court grant the motion to dismiss. *See* Dkt. No. 49. On March 16, 2015, Plaintiff filed objections to the Report-Recommendation and Order, explaining that he was aware of the scheduled deposition, but failed to attend due to financial and mental health issues. *See* Dkt. No. 50 at 1. On June 5, 2015, in light of the special solicitude afforded to *pro se* parties and due to the explanation provided, the Court rejected the recommendation and denied Defendant's motion to dismiss for lack of prosecution without prejudice. *See* Dkt. No. 53.

Defendant rescheduled Plaintiff's deposition for July 27, 2015. On July 21, 2015, Plaintiff left Defendant's counsel a voicemail indicating that he was unavailable to appear for the deposition. *See* Dkt. No. 60-1 at 6. Although Plaintiff indicated that Defendant should contact him regarding the deposition, he did not leave a contact number at which he could be reached. *See id.* On July 22, 2015, Defendant sent Plaintiff a letter asking him to contact Defendant by telephone to discuss the scheduling of the deposition. *See* Dkt. No. 60-12. Plaintiff failed to contact Defendant in response to this letter. *See* Dkt. No. 60-13 at 1.

On July 29, 2015, in response to a letter request by Defendant, the Court again extended the discovery deadline and scheduled a telephone conference with the parties, which was sent to Plaintiff by regular mail. *See* Dkt. No. 57. Although Defendant appeared for the conference, Plaintiff did not. On August 10, 2015, the Court issued another text order warning Plaintiff that any additional failures to participate in Court conferences or failure to comply with Court orders may result in dismissal of this action.

On August 10, 2015, Defendant mailed Plaintiff a notice of deposition, scheduling the deposition for August 27, 2015. *See* Dkt. No. 60-14. The notice of deposition again warned

Plaintiff of the consequences of failing to attend. *See id.* No part of the mailing was returned to Defendant. Plaintiff, however, again failed to appear for his scheduled deposition. *See* Dkt. No. 60-1 at 7.

On October 7, 2015, Defendant filed a second motion to dismiss for failure to prosecute. *See* Dkt. No. 60. Plaintiff failed to respond to the motion. In a November 24, 2015 Report-Recommendation and Order, Magistrate Judge Hummel recommended that the Court grant Defendant's motion and dismiss this action. *See* Dkt. No. 62. Neither party objected to the Report-Recommendation and Order, which is currently before the Court.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of

3

further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

Having carefully reviewed the Report-Recommendation and Order, the parties' submissions and the applicable law, the Court finds that Magistrate Judge Hummel correctly determined that the Court should grant Defendant's second motion to dismiss for failure to prosecute. The record makes clear that, upon his release from prison, Plaintiff has repeatedly failed to prosecute this action, and comply with his discovery obligations and orders of this Court. Although such a dismissal is a "harsh remedy," no sanction less drastic would appropriate. *See Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (citation omitted). Plaintiff was on notice of his obligations and warned about the consequences any additional failures to comply. Finally, any further delay in these proceedings would greatly prejudice Defendant, especially considering the fact that this case is more than three-years old, and relates to conduct that occurred in January of 2012. *See* Dkt. No. 1.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Hummel's November 24, 2015 Report-Recommendation and Order is **ADOPTED** in its entirety for the reasons set forth therein; and the Court further

**ORDERS** that Defendant's motion to dismiss (Dkt. No. 60) is **GRANTED**; and the Court further

4

**ORDERS** that the Clerk of the Court shall enter judgment in Defendant's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: December 15, 2015
Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge